## HUNTER v. RUSSELL

Court of Appeals of District of Columbia.

Submitted November 18, 1927.　Decided December 5, 1927.

No. 1982.

Trade-marks and trade-names and unfair competition ⊙⟹ 45½—Registration of trade-mark using word "chocomilk" will not be canceled for prior use of word "chocolishus" on similar preparation.

Registration of trade-mark used on chocolate containing milk and cream preparations in liquid form, and comprising circle, above which is printed "Mondamin Farm," and within which is representation of person milking and word "choc-o-milk," will not be canceled because of prior use of word "choc-o-lishus" as trade-mark for chocolate syrup and other preparations, including chocolate flavored milk.

Appeal from the Commissioner of Patents.

Petition by H. Blount Hunter, doing business as the Chocolishus Company, against Renouf Russell, for the cancellation of a registered trade-mark. From an adverse decision, petitioner appeals. Affirmed.

W. L. Symons, of Washington, D. C., for appellant.

C. L. Sturtevant and E. G. Mason, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant Hunter sought the cancellation of appellee Russell's registered trade-mark, comprising a circle above which, and conforming to the outline of the circle, is printed the words "Mondamin Farm." Within the circle is a pictorial representation of a person milking, and the word "Chocomilk,"
          Choc
printed thus　-O-　within the circle, close
          Milk
to the upper portion of the pictorial representation. This mark is used on chocolate containing milk and cream preparations in liquid form.

The petitioner, Hunter, claims that he is damaged by the registration of the Russell mark, and alleges prior use of the word "Choc-o-lishus" as a trade-mark for chocolate syrup and other preparations, including chocolate flavored milk. It is urged by the petitioner that the dominant characteristic of the Russell trade-mark, the abbreviation of the word "Choco" for "chocolate," is so similar to "Choc-o-lishus," the dominating feature of which he asserts is "Choco," as to cause confusion in trade.

We agree with the Commissioner that the abbreviation "Choco" is not the dominant feature of the Russell trade-mark. Nor do we find any such similarity between the two marks as in our judgment would lead to confusion in trade.

The decision of the Commissioner is affirmed.